UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY STANLEY-BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | Case No. 16-cv-02305-KAW (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIMS; DISMISSING NON-COGNIZABLE CLAIMS** |

This is a *pro-se* civil rights action pursuant to 42 U.S.C. § 1983 filed by Plaintiff Mark Anthony Stanley-Bey, an inmate at San Quentin State Prison. On November 4, 2016, the Court reviewed Plaintiff's First Amended Complaint and dismissed with leave to amend a claim for deliberate indifference to serious medical needs, finding that the allegations appeared to show that he had serious medical needs consisting of a burn on his left foot, swollen feet, head trauma and vertigo, but the allegations did not show how individuals acted with deliberate indifference to those needs. On December 16, 2016, Plaintiff filed his Second Amended Complaint ("SAC"), which the Court now reviews.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the

official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837. Such indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care. *McGuckin*, 974 F.2d at 1062.

## II. Plaintiff's Claims

In his SAC, Plaintiff lists the following Defendants: Dr. E Tootell, Chief Medical Executive; Dr. Reyes, Primary Care Physician; Dr. Garrigan, who changed Plaintiff's leg dressing; P. Covello, ADA Coordinator and Reasonable Accommodation Panel ("RAP") representative; L.Rangel, Appeal Coordinator and RAP representative; M. Almares, Health Care Appeals and RAP representative; Dr. M. Rowe, Physician and RAP representative; Dr. R. Chen, Psychologist and RAP representative; J. Beebe, AGPH[1] analyst and RAP representative; R. Coudenu-Baxter, Staff Service Analyst and RAP representative; Nurse Alex, Triage Area Nurse; and Nurse Joe, Triage Area Nurse.

Plaintiff does not name the following individuals from his First Amended Complaint: California Department of Corrections Secretary Jeffrey Beard; Warden Ron Davis; and Governor Jerry Brown. Therefore, any claims against them are dismissed with prejudice.

The new allegations in the SAC are as follows: During the treatment of Plaintiff's initial burn and head injuries, Nurse Alex failed to follow procedure by not referring Plaintiff to a community hospital. During regular dressing changes, Dr. Garrigan changed the order of the dressing change, which caused harm to Plaintiff. The first "lay-in"[2] did not take into account the seriousness of Plaintiff's wound and how it would affect the job Plaintiff was assigned in scullery,

---

[1] Plaintiff does not provide the meaning of the term "AGPH."

[2] Plaintiff does not provide the meaning of the term, "lay-in."

3

which required him to wash heavy pots and pans and be exposed to large amounts of water. However, Dr. Reyes denied Plaintiff's request for a medical "unassignment" from this job. Furthermore, Dr. Reyes misdiagnosed, as arthritis, Plaintiff's symptoms of tingling sensations in his spine and in his left shoulder to his left thumb. From April 15 to August 15, 2015, Plaintiff lost fourteen pounds within ten weeks, but this was not addressed by Dr. Reyes.

On July 13, 2015, Plaintiff suffered from severe dizziness, numbness in his left thumb, and inflammation and pain in his left foot. On July 14 and July 15, 2015, Plaintiff tried to see a doctor, but was denied medical care by Nurse Joe.

When Plaintiff did see Dr. Reyes in July 2015, he did not refer Plaintiff to a specialist even though Plaintiff requested to see one due to the severity of his leg injury, dizziness, pain and numbness. Plaintiff thought he had a head or spine injury, but Dr. Reyes refused to consider this possibility.

On September 1, 2015, Plaintiff's foot was so inflamed that he could not put on a shoe or walk. Dr. Reyes asked Plaintiff, "How did this occur?"

On September 19, 2015, the Health Appeals Coordinator agreed to have Plaintiff moved to a lower bunk, though during the time Plaintiff was suffering from his leg injury, he was denied a lower bunk for 165 days.

Liberally construed, the allegations appear to give rise to an Eighth Amendment claim against Dr. Reyes for failing to provide proper treatment for Plaintiff's serious medical conditions over a long period of time. The allegations also appear to give rise to an Eighth Amendment claim against Nurse Joe for twice denying Plaintiff medical treatment for his serious medical conditions.

However, even liberally construed, the allegations do not give rise to a claim against Chief Medical Officer Tootell, s*ee Lemire*, 756 F.3d at 1074 (no supervisory liability under § 1983), Dr. Garrigan for changing the order of the dressing of Plaintiff's injured foot, *see Farmer*, 511 U.S. at 837 (defendant must disregard a substantial risk to inmate's health), or Nurse Alex for not initially referring Plaintiff to a hospital, *see id*.

Plaintiff names the other defendants in their role as members of the Reasonable Accommodation Panel, which denied him a lower bunk as an accommodation for his injured foot.

4

However, a claim under the Americans with Disabilities Act ("ADA") must be made against the institution, not individuals. "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *see Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) ("Title II provides disabled individuals redress for discrimination by a 'public entity.' *See* 42 U.S.C. § 12132. That term, as it is defined within the statute, does not include individuals. *See* 42 U.S.C. § 12131(1)."). Therefore, the claims against Covello, Rangel, Almares, Rowe, Chen, Beebe and Coudenu-Baxter are dismissed with prejudice.

Plaintiff is granted leave to bring a claim under the ADA against San Quentin Prison in a separate complaint. However, because Plaintiff has received the accommodation he sought, injunctive relief is not available to him. To receive money damages under the ADA, a plaintiff must show the defendant acted with discriminatory intent. *Ferguson v. City of Phoenix, 157 F.3d 668, 674* (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires: (1) knowledge that harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. *Id.* at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. *Id.* The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. *Id.* at 1139-40. The entity's duty is to undertake a fact-specific investigation to gather from the disabled individual and qualified experts sufficient information to determine what constitutes a reasonable accommodation. *Id.*

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Any claims against Jeffrey Beard, Ron Davis and Jerry Brown are dismissed with prejudice. The Clerk shall terminate them from the docket of this case.

2. The claims against Tootell, Garrigan, Covello, Rangel, Almares, Rowe, Chen, Beebe, Coudenu-Baxter and Nurse Alex are dismissed with prejudice.

3. Plaintiff is granted leave to file in a separate action an ADA claim against San Quentin Prison.

4. Liberally construed, the allegations in the SAC appear to give rise to an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Dr. Reyes and Nurse Joe. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), the amended complaint (docket no. 16), the second amended complaint (docket no. 19) and all attachments thereto, a copy of this Order, the July 26, 2016 Order (docket no. 13), the November 4, 2016 Order (docket no. 18) and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to San Quentin Prison employees Dr. Reyes and Nurse Joe.</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall also mail a copy of the complaints and copies of the Court's Orders to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have

6

been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

6. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

7. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot

7

> simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

The same evidentiary requirement applies if the defendants file a motion for summary judgment for failure to exhaust administrative remedies. To oppose this motion, Plaintiff must present any evidence he may have which tends to show that he did exhaust administrative remedies or was excused from doing so. Again, the evidence may be in the form of declarations, that is statements of fact from himself or other witnesses signed under penalty of perjury, copies of documents accompanied by a declaration showing where they came from and why they are authentic, or discovery documents such as answers to interrogatories or depositions. In considering a summary judgment motion for failure to exhaust administrative remedies, the Court can decide disputed issues of fact with regard to this portion of the case. *See generally Albino*, 747 F.3d at 1172-73; *Stratton*, 697 F.3d at 1008.

      c. Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No

hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>three</u> days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: May 5, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge